IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANGELA J. HOUK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-00618-NKL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Angela Houk seeks review of the Administrative Law Judge ("ALJ")'s decision denying her application for disability insurance and supplemental security income benefits. [Doc. # 5]. For the reasons set forth below, the decision of the ALJ is AFFIRMED.

**I.  Background**

The ALJ found that Houk suffers from the following severe impairments: emphysema, bronchitis, asthma, chronic obstructive pulmonary disease, history of left upper lung removal, degenerative disc disease of the cervical and thoracic spine, dysthymic disorder, posttraumatic stress disorder, personality disorder not otherwise specified, polysubstance abuse, and a rule out diagnosis of generalized anxiety disorder. The ALJ concluded that Houk retained the residual functional capacity ("RFC") to perform sedentary work, except that she can lift and carry less than ten pounds occasionally and frequently, sit for six hours and stand or walk for two hours in an eight

1

hour workday, push and pull less than ten pounds, frequently reach overhead, and occasionally climb, balance, stoop, kneel crouch and crawl. The ALJ further found that Houk must be afforded the option of alternating between sitting and standing at thirty-minute intervals and is limited to performing simple, routine, repetitive tasks that are not performed in a fast-paced environment or as an integral part of a team. In addition, the ALJ limited Houk's exposure to loud noises, dust, odors, fumes and pulmonary irritants, and restricted her to occasionally interacting with supervisors, coworkers and the general public.

The ALJ's RFC determination was largely adopted from the Medical Source Statement provided by Houk's treating physician, Dr. Syed Hasan, which is the only medical opinion on Houk's physical condition in the record. However, the ALJ rejected two limitations contained in Dr. Hasan's opinion. Specifically, Dr. Hasan indicated that Houk would need to lie down at unpredictable intervals throughout the workday to relieve pain and that Houk was likely to be absent from work more than four days per month as a result of her impairments. The ALJ gave little weight to this portion of Dr. Hasan's opinion because he found little support for these restrictions in the record. The ALJ did not identify what evidence in the record was inconsistent with or failed to support the portion of Dr. Hasan's opinion that he rejected.

At the administrative hearing, a Vocational Expert ("VE") testified that a hypothetical individual of Houk's age, with her education, training work history, and the RFC determined by the ALJ, could perform work that exists in substantial numbers in the national economy. The VE also testified, however, that no work would be available if

this person needed to lie down at unpredictable intervals to relieve pain or would be absent from work more than two days per month.

## II.     Discussion

The Court will affirm the ALJ's decision denying benefits if it is supported by substantial evidence in the record as a whole.  *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008).  "Substantial evidence means less than a preponderance, but sufficient evidence that a reasonable person would find adequate to support the decision."  *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010).  The Court must consider the evidence that supports the decision as well as the evidence that detracts from it.  *Finch*, 547 F.3d at 935.  An administrative decision will not be reversed, however, simply because the Court might have reached a different conclusion.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  If, after reviewing the evidence, it is possible to reach two inconsistent positions and one of those positions represents the ALJ's findings, the Court must affirm the decision.  *Id*.

Houk argues that the ALJ improperly rejected portions of Dr. Hasan's opinion, which resulted in an erroneous RFC determination and a defective hypothetical being presented to the VE.  A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable diagnostic techniques and not inconsistent with the other substantial evidence in the record.  SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

Here, there is substantial evidence in the record to support the ALJ's rejection of Dr. Hasan's opinion that Houk would have four days of absences per month and needed

3

to lie down at unpredictable times during the work day. First, Houk collected unemployment benefits while applying for Social Security benefits. (Tr. 63-64, 167-69, 175-78). This evidence is inconsistent with Houk's claim that she was unable to work during her claimed period of disability. *See, Johnson v. Chater,* 108 F,.3d 178, 180,81 (8th Cir. 1997). Second, and most important, Houk continued working despite longstanding impairments that she now claims to be disabling, including her 1995 left upper lobectomy (Tr. 53, 204-1). She herself indicated that she was laid off during this time period but not because of absences or because she was unable to do the work, but for reasons unrelated to her claim of disability. While it would have been preferable for the ALJ to articulate the reason for rejecting Dr. Hasan's opinion, this evidence so undermines Dr. Hasan's opinion that a remand would only delay the inevitable.

## III. Conclusion

For the reasons set forth above, the ALJ's decision is AFFIRMED because it is supported by substantial evidence considering the entire record.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: May 15, 2014
Jefferson City, Missouri